RECEIVED JUN 02 2008 U.S.D.C. S.D.N.Y. CASHIERS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: AMY LESTER (AL-3398)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2416

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

    - v. -

TWO BRONZE EAGLES, FORMERLY
AFFIXED TO THE CITY EMPLOYEES
WAR MEMORIAL LOCATED IN CENTRAL
PARK, NEW YORK, NEW YORK,

    Defendants-in-rem.

------------------------------------x

JUDGE KAPLAN

VERIFIED COMPLAINT

08 CV 5034

    Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I. NATURE OF THE ACTION

    1.   This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of two bronze eagles, formerly affixed to the City Employees War Memorial located in Central Park, New York, New York (the "DEFENDANT OBJECTS"). The DEFENDANT OBJECTS are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(3) as property used and intended to be used as a container for controlled substances, and

pursuant to 21 U.S.C. § 881(a)(7) as appurtenances to land which was used and intended to be used to facilitate the commission of a controlled substances violation.

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper pursuant to 28 U.S.C. § 1355(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York, and, pursuant to 28 U.S.C. § 1395, because the DEFENDANT OBJECTS were found and seized in the Southern District of New York.

## III. PROBABLE CAUSE FOR FORFEITURE

4.  The DEFENDANT OBJECTS are two bronze eagles that were formerly affixed to the City Employees War Memorial, which is located at the northwest end of the Mall in Central Park, opposite the Naumberg Bandshell (the "Memorial"). The Memorial commemorates the heroism and sacrifices of the employees of the City of New York who fought in the various wars of the United States. The Memorial was donated in 1926 by Mrs. Charles Augustine Robinson, who was then the National Flag-Lady of the Veterans of Foreign Wars of the United States, and was designed by sculptor Georg John Lober. Lober was born in 1892 in St. Louis, Missouri, and for nearly twenty years was the leader of the New York City Art Commission, before his death in 1961. In

addition to the Memorial, Lober designed the statue of author Hans Christian Anderson in Central Park and the statue of composer George M. Cohan in Duffy Square.

5. The Memorial is composed of an iron flagstaff supported by a bronze sleeve ornamented with leaves and ending in four medallions in relief. The sleeve rests upon a six-foot pedestal, which holds four bronze eagles, one on each corner, with outspread wings. The four sides of the pedestal bear the seals of the State of New York, the United States Army, the United States Navy, and the City of New York. (A photograph of the Memorial is attached hereto as Exhibit A). The Memorial is listed as part of the online Fieldguide to U.S. Public Monuments and Memorials.

6. On May 14, 2008, a federal law enforcement agent learned the following from a confidential source ("CS"):

a. In the 1970s, the CS engaged in narcotics trafficking in Central Park near the Memorial. The CS used the DEFENDANT OBJECTS, which were at that time affixed to the Memorial, to store the narcotics he sold or the proceeds of his narcotics sales, or both.

b. At some point during this period, the DEFENDANT OBJECTS came loose from the Memorial and the CS took possession of them. The CS stored the DEFENDANT OBJECTS at a residence in New York City.

c. In the mid-1990s, while the CS was still engaging in narcotics trafficking in the area of the Memorial, the CS sold the DEFENDANT OBJECTS for approximately $200 to an individual ("Individual-1") to whom he also sold narcotics. The CS informed Individual-1 that the DEFENDANT OBJECTS had been removed from a statue in Central Park.

e. Individual-1 kept the DEFENDANT OBJECTS in his office, which is located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, New York, New York (the "Office").

7. In or about 2000, the City of New York replaced the Defendant Objects with two replica eagles.

8. Based on the foregoing, on May 29, 2008, the Honorable Michael H. Dolinger, United States Magistrate Judge for the Southern District of New York, issued a warrant for the seizure of the DEFENDANT OBJECTS based upon a finding of probable cause that the DEFENDANT OBJECTS are subject to seizure and forfeiture pursuant to 21 U.S.C. § 881(a)(3) as property used and intended to be used as a container for controlled substances, and pursuant to 21 U.S.C. § 881(a)(7) as appurtenances to land which was used and intended to be used to facilitate the commission of a controlled substances violation.

9. Also on May 29, 2008, federal law enforcement agents executed the warrant and seized the DEFENDANT OBJECTS from the Office.

10. The DEFENDANT OBJECTS are currently in the possession of the federal government. (A photograph of the DEFENDANT OBJECTS is attached hereto as Exhibit B).

### IV. FIRST CLAIM FOR FORFEITURE

11. The allegations contained in paragraphs one through nine of this Verified Complaint are incorporated herein.

12. The DEFENDANT OBJECTS are subject to forfeiture pursuant to the following statutory provisions:

13. Title 21, United States Code, Section 881(a)(3) subjects to forfeiture: "All property which is used, or intended for use, as a container for [controlled substances in violation of Title 21, United States Code]."

14. Title 21, United States Code, Section 881(a)(7) subjects to forfeiture:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

15. New York Penal Law § 165.50 provides:

> A person is guilty of criminal possession of stolen property in the third degree when he knowingly possesses stolen property, with intent to benefit

>himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars.

16. It is well established under New York law that a thief cannot pass title to stolen goods. *See, e.g., Stanton Motor Corp. v. Rosetti*, 203 N.Y.S. 2d 273, 275 (App. Div. 3d Dep't 1960).

17. By the reason of the above, the DEFENDANT OBJECTS are subject to forfeiture to the United States of America, pursuant to 21 U.S.C. §§ 881(a)(3) and 881(a)(7).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT OBJECTS and that all persons having an interest in the DEFENDANT OBJECTS be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT OBJECTS to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       June 2, 2008

        MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
AMY LESTER (AL-3398)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2416

<u>VERIFICATION</u>

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

     RONALD G. GARDELLA, being duly sworn, deposes and says that the Chief Criminal Investigator for the United States Attorney's Office for the Southern District of New York, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

     The sources of deponent's information and the grounds of his belief are his own personal observations and discussions with and documents prepared by other law enforcement officers and others.

                                                _____
                                               RONALD G. GARDELLA
                                               Chief Criminal Investigator
                                               United States Attorney's Office
                                               Southern District of New York

Sworn to before me this
2nd day of June, 2008

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010

# EXHIBIT A



MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: AMY LESTER (AL-3398)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2416

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

　　　　　　- v. -

TWO BRONZE EAGLES, FORMERLY
AFFIXED TO THE CITY EMPLOYEES
WAR MEMORIAL LOCATED IN CENTRAL
PARK, NEW YORK, NEW YORK,

　　　　　　Defendants-in-rem.
------------------------------------x

**JUDGE KAPLAN**

VERIFIED COMPLAINT

08 CV 5034

　　　　Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

　　　　　　　　　　I. NATURE OF THE ACTION

　　　　1.　　This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of two bronze eagles, formerly affixed to the City Employees War Memorial located in Central Park, New York, New York (the "DEFENDANT OBJECTS"). The DEFENDANT OBJECTS are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(3) as property used and intended to be used as a container for controlled substances, and

pursuant to 21 U.S.C. § 881(a)(7) as appurtenances to land which was used and intended to be used to facilitate the commission of a controlled substances violation.

## II. JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue is proper pursuant to 28 U.S.C. § 1355(b) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York, and, pursuant to 28 U.S.C. § 1395, because the DEFENDANT OBJECTS were found and seized in the Southern District of New York.

## III. PROBABLE CAUSE FOR FORFEITURE

4.   The DEFENDANT OBJECTS are two bronze eagles that were formerly affixed to the City Employees War Memorial, which is located at the northwest end of the Mall in Central Park, opposite the Naumberg Bandshell (the "Memorial").  The Memorial commemorates the heroism and sacrifices of the employees of the City of New York who fought in the various wars of the United States.  The Memorial was donated in 1926 by Mrs. Charles Augustine Robinson, who was then the National Flag-Lady of the Veterans of Foreign Wars of the United States, and was designed by sculptor Georg John Lober.  Lober was born in 1892 in St. Louis, Missouri, and for nearly twenty years was the leader of the New York City Art Commission, before his death in 1961.  In

addition to the Memorial, Lober designed the statue of author Hans Christian Anderson in Central Park and the statue of composer George M. Cohan in Duffy Square.

5. The Memorial is composed of an iron flagstaff supported by a bronze sleeve ornamented with leaves and ending in four medallions in relief. The sleeve rests upon a six-foot pedestal, which holds four bronze eagles, one on each corner, with outspread wings. The four sides of the pedestal bear the seals of the State of New York, the United States Army, the United States Navy, and the City of New York. (A photograph of the Memorial is attached hereto as Exhibit A). The Memorial is listed as part of the online Fieldguide to U.S. Public Monuments and Memorials.

6. On May 14, 2008, a federal law enforcement agent learned the following from a confidential source ("CS"):

a. In the 1970s, the CS engaged in narcotics trafficking in Central Park near the Memorial. The CS used the DEFENDANT OBJECTS, which were at that time affixed to the Memorial, to store the narcotics he sold or the proceeds of his narcotics sales, or both.

b. At some point during this period, the DEFENDANT OBJECTS came loose from the Memorial and the CS took possession of them. The CS stored the DEFENDANT OBJECTS at a residence in New York City.

    c. In the mid-1990s, while the CS was still engaging in narcotics trafficking in the area of the Memorial, the CS sold the DEFENDANT OBJECTS for approximately $200 to an individual ("Individual-1") to whom he also sold narcotics. The CS informed Individual-1 that the DEFENDANT OBJECTS had been removed from a statue in Central Park.

    e. Individual-1 kept the DEFENDANT OBJECTS in his office, which is located at ███████████████████████, New York, New York (the "Office").

    7. In or about 2000, the City of New York replaced the Defendant Objects with two replica eagles.

    8. Based on the foregoing, on May 29, 2008, the Honorable Michael H. Dolinger, United States Magistrate Judge for the Southern District of New York, issued a warrant for the seizure of the DEFENDANT OBJECTS based upon a finding of probable cause that the DEFENDANT OBJECTS are subject to seizure and forfeiture pursuant to 21 U.S.C. § 881(a)(3) as property used and intended to be used as a container for controlled substances, and pursuant to 21 U.S.C. § 881(a)(7) as appurtenances to land which was used and intended to be used to facilitate the commission of a controlled substances violation.

    9. Also on May 29, 2008, federal law enforcement agents executed the warrant and seized the DEFENDANT OBJECTS from the Office.

10. The DEFENDANT OBJECTS are currently in the possession of the federal government. (A photograph of the DEFENDANT OBJECTS is attached hereto as Exhibit B).

## IV. FIRST CLAIM FOR FORFEITURE

11. The allegations contained in paragraphs one through nine of this Verified Complaint are incorporated herein.

12. The DEFENDANT OBJECTS are subject to forfeiture pursuant to the following statutory provisions:

13. Title 21, United States Code, Section 881(a)(3) subjects to forfeiture: "All property which is used, or intended for use, as a container for [controlled substances in violation of Title 21, United States Code]."

14. Title 21, United States Code, Section 881(a)(7) subjects to forfeiture:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

15. New York Penal Law § 165.50 provides:

> A person is guilty of criminal possession of stolen property in the third degree when he knowingly possesses stolen property, with intent to benefit

> himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds three thousand dollars.

16. It is well established under New York law that a thief cannot pass title to stolen goods. *See, e.g., Stanton Motor Corp. v. Rosetti*, 203 N.Y.S. 2d 273, 275 (App. Div. 3d Dep't 1960).

17. By the reason of the above, the DEFENDANT OBJECTS are subject to forfeiture to the United States of America, pursuant to 21 U.S.C. §§ 881(a)(3) and 881(a)(7).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT OBJECTS and that all persons having an interest in the DEFENDANT OBJECTS be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT OBJECTS to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       June 2, 2008

>                   MICHAEL J. GARCIA
>                   United States Attorney for the
>                   Southern District of New York
>                   Attorney for the Plaintiff
>                   United States of America
>
> By:   _____/s/_____
>                   AMY LESTER (AL-3398)
>                   Assistant United States Attorney
>                   One St. Andrew's Plaza
>                   New York, New York 10007
>                   (212) 637-2416

<u>VERIFICATION</u>

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

RONALD G. GARDELLA, being duly sworn, deposes and says that the Chief Criminal Investigator for the United States Attorney's Office for the Southern District of New York, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are his own personal observations and discussions with and documents prepared by other law enforcement officers and others.

_____
RONALD G. GARDELLA
Chief Criminal Investigator
United States Attorney's Office
Southern District of New York

Sworn to before me this
2nd day of June, 2008

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2010